# In the United States Court of Federal Claims

No. 12-846C
Filed under seal: March 29, 2013[*]
Reissued for publication: April 3, 2013

| | |
|---|---|
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | Administrative Dispute Resolution Act; |

*************************************
                                    *   Administrative Dispute Resolution Act;
                                    *   Federal Acquisition Regulation 19.303(c)(5)
                                    *       (amendment of solicitation after Office of
                                    *       Hearings and Appeals review);
                                    *   Pre-Award Bid Protest;
ARCATA ASSOCIATES, INC.,            *   North American Industry Classification
                                    *       Services Codes 541712 (Research and
        Plaintiff,                  *       Development in the Physical Engineering
                                    *       and Life Sciences (except
                                    *       Biotechnology)), 541513 (Computer
v.                                  *       Facilities Management Services);
                                    *   Permanent Injunction;
THE UNITED STATES,                  *   Tucker Act, 28 U.S.C. § 1491(b)(1);
                                    *   13 C.F.R. § 121.1103(c)(1) (procedures for
        Defendant                   *       NAICS code appeals);
                                    *   13 C.F.R. § 121.201 & n.11 (size standards and
                                    *       definitions for NAICS Code 541712);
                                    *   13 C.F.R. § 134.314 (standard of review in
                                    *       NAICS Code appeals).
*************************************

**Ralph C. Thomas III,** Barton Baker Thomas & Tolle, LLP, McLean, Virginia, Counsel for Plaintiff, Arcata Associates, Inc.

**Christopher James Carney,** Commercial Litigation Branch, United States Department of Justice, Civil Division, Washington, D.C., Counsel For Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN,** *Judge.*

        This pre-award bid protest case is before the court on Arcata Associates, Inc.'s ("Arcata") January 4, 2013 Motion For Judgment On The Administrative Record and the Government's January 18, 2013 Cross-Motion For Judgment Upon The Administrative Record.

---

[*] On March 29, 2013, the court forwarded a sealed copy of this Memorandum Opinion and Final Order to the parties to suggest deletions from the public version of any confidential and/or privileged information, and to note any citation or editorial errors requiring correction. The court did not receive any proposed redactions, but has corrected or clarified certain portions herein.

I.     **RELEVANT FACTUAL BACKGROUND.**[1]

A.     **The March 8, 2012 Draft Solicitation And The Initial May 15, 2012 Solicitation.**

On March 8, 2012, the National Aeronautics and Space Administration ("NASA") issued a draft Solicitation NND12374119R to obtain Research Facilities and Engineering Support Services ("RF&ESS") for the Mission Information and Test Systems Directorate at the Dryden Flight Research Center.  AR Tab 36 at 909.  The draft Solicitation invited all interested contractors to submit comments thereon, "including the requirements, schedule, proposal instructions, and evaluation approaches."  AR Tab 36 at 909.

On April 2, 2012, Delphi Research, Inc. ("Delphi"), submitted a memorandum challenging the Contracting Officer's ("CO") selection of North American Industry Classification Series ("NAICS") Code 541712 (Research and Development in the Physical Engineering and Life Sciences (except Biotechnology)), for the proposed procurement.  AR Tab 36.1 at 1401-05.  The CO responded that, although NASA "recognize[d] the multifaceted nature of this requirement and the potential designation of other NAICS codes," it determined that NAICS Code 541712 "most appropriately reflects the nature of the RF&ESS [performance work statement ("PWS")] effort . . . based on the existence of research and development (R&D) aspects in the PWS, the predominance of that type of effort over other potential industry codes, and contributions made by RF&ESS to the overall R&D mission of the Dryden Flight Research Center."  AR Tab 36.2 at 1442.

On April 19, 2012, the CO prepared a memorandum, justifying the use of NAICS Code 541712 as the appropriate NAICS code for the proposed Solicitation ("Memorandum").  AR Tab 38 at 1478-88.

On May 15, 2012, NASA issued Solicitation NND12374119R (the "Solicitation").  AR Tab 69 at 2358-3099.  The Solicitation was designated as a 100% set-aside for small business under NAICS Code 541712, encompassing the Small Business Administration's ("SBA") size standard designation under 13 C.F.R. § 121.201 of no more than 1500 employees.  AR Tab 48 at 1665; AR Tab 69 at 2540.  The Solicitation set a deadline for proposals of July 11, 2012, and the base contract period, as February 1, 2013 through January 31, 2014, with five subsequent option periods.  AR Tab 69 at 2538, 2542.  The work required by the Solicitation was to be performed pursuant to an attached PWS and Work Breakdown Structure ("WBS").  AR Tab 69 at 2547.  The PWS described the contractor's role (AR Tab 69 at 2646) and the specific work to be performed, in three general categories: mission support services (AR Tab 69 at 2655-61); operations and maintenance (AR Tab 69 at 2661-66); and systems engineering (AR Tab 69 at 2666-70).

---

[1] The relevant facts discussed herein were derived from the December 7, 2012 Complaint ("Compl") and the December 21, 2012 Administrative Record ("AR Tab 1-87 at 1-8019").

**B.     Proceedings Before The Small Business Administration's Office Of Hearings And Appeals.**

On May 24, 2012, Delphi filed a timely appeal with the SBA's Office of Hearings and Appeals ("OHA") contesting NASA's designation of NAICS Code 541712 as erroneous, because this procurement involved no physical, independent, or original research and development, and instead proposed that NAICS Code 541513 (Computer Facilities Management Services) was the correct code for this procurement. AR Tab 46 at 1646-63; AR Tab 75 at 3135-51. On May 29, 2012, OHA issued a Notice and Order staying the Solicitation, pursuant to 13 C.F.R. § 121.1103(c)(1), to provide other interested parties with notice that they should file a response no later than June 8, 2012. AR Tab 76 at 3153-54.

On June 5, 2012, the CO issued a response together with his April 19, 2012 Memorandum, that defended the designation of NAICS Code 541712 and rebutted Delphi's proposal that NAICS Code 541513 was the appropriate NAICS code. AR Tab 48 at 1665-97.

On July 10, 2012, after reviewing the parties' positions and explaining the regulations involved in interpreting NAICS Code 541712, OHA found that the procurement's designation under NAICS Code 541712 was "clear error," because the Solicitation primarily sought "engineering, operations, and computer support services, not research and development" and the "procurement . . . does not call for the contractor to create new processes or products." *NAICS Appeal of Delphi Research, Inc.*, SBA No. NAICS-5377 (2012); AR Tab 53 at 1745; AR Tab 83 at 3242-52. OHA also found that the designation of NAICS Code 541712 was clearly erroneous, because the Solicitation "[did] not delegate an important part of the research process for the contractor to perform independently," in contrast to OHA precedent governing the application of NAICS Code 541712. AR Tab 83 at 3250-51. OHA also rejected the CO's finding that NAICS Code 541712 constitutes the largest portion of the proposed Solicitation, based on the CO's division of the predecessor contract into twelve NAICS codes, finding this subdivision "unpersuasive" and lacking "clear rationale." AR Tab 53 at 1746. Finally, OHA determined that Delphi's suggested NAICS Code 541513 was appropriate, reasoning that "on-site management and operation of computer systems and/or data processing facilities . . . represent a large portion of the instant procurement[.]" AR Tab 83 at 3251. Because the "decision [was] being issued before the close of the [S]olicitation," the CO was ordered to "amend the [Solicitation] to change the NAICS code designation from 541712 to 541513." AR Tab 83 at 3252 (citing FAR 19.303(c)(5)).

**C.     The Amended Solicitation.**

On July 23, 2012, NASA announced that it would amend the RF&ESS Solicitation to change the NAICS Code from 541712 to 541513 to comply with OHA's decision, and indefinitely suspended the due date for proposals. AR Tab 72 at 3111. On August 1, 2012, NASA issued a "new sources sought notice under NAICS Code 541513[,] requesting capabilities statements" from all prospective offerors. AR Tab 56 at 1799, 1805-07. After evaluating the received statements, the CO determined that "there is reasonable expectation that offers could be obtained from two or more small businesses at fair market prices. . . . Solicitation NND12374119R will remain a small business set aside under NAICS Code 541513." AR Tab 56 at 1803.

On November 15, 2012, NASA announced plans to issue an amended RF&ESS Solicitation as a "total small business set-aside," pursuant to NAICS Code 541513, with a size standard of $25.5 million in annual revenue. AR Tab 7 at 248. NASA anticipated December 15, 2012 as the release date, with an offer due date on or about February 15, 2013. AR Tab 7 at 248.

## II.   PROCEDURAL HISTORY.

On December 7, 2012, Arcata, the incumbent contractor performing under the predecessor contract, designated under NAICS Code 541712, filed a Complaint in the United States Court of Federal Claims. Compl. ¶¶ 6, 22, 31; *see also* AR Tab 38 at 1379-81. The Complaint and accompanying motion requested that the court issue: (1) a temporary restraining order to prevent the United States and/or NASA from issuing the Solicitation, or any solicitation containing substantially the same scope of work, under any NAICS Code other than 541712; (2) a declaratory judgment that OHA's July 10, 2012 decision was arbitrary, capricious, and otherwise contrary to law; (3) a declaratory judgment directing OHA to reverse its July 10, 2012 decision and remand the case to NASA's CO, with instructions to re-issue a Solicitation designating NAICS Code 541712; (4) a permanent injunction barring the use of NAICS Code 541513 as the designated code for the Solicitation; and (5) other appropriate relief, including attorney's fees and costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Compl. at 12-13.

On December 11, 2012, the Government filed an Unopposed Motion For A Scheduling Order and an Unopposed Motion For A Protective Order, both of which the court granted on the same day.

On December 21, 2012, the Government filed the Administrative Record.

On January 4, 2013, Arcata filed a Motion For Judgment On The Administrative Record seeking a declaratory judgment and a permanent injunction ("Pl. Mot. JAR"). On January 18, 2013, the Government filed a Response To Plaintiff's Motion For Judgment Upon the Administrative Record And Cross-Motion For Judgment Upon The Administrative Record ("Gov't Mot. JAR"). On January 25, 2013, Arcata filed a Response To Defendant's Cross-Motion For Judgment On The Administrative Record And Reply To Defendant's Response To Plaintiff's Motion For Judgment On The Administrative Record ("Pl. Resp."). On February 1, 2013, the Government filed a Reply In Support Of Its Cross-Motion For Judgment Upon The Administrative Record ("Gov't Reply").

## III.   DISCUSSION.

### A.   Jurisdiction.

Pursuant to 28 U.S.C. § 1491(b)(1), the United States Court of Federal Claims has jurisdiction

> to render judgment on an action by an interested party objecting to a solicitation
> by a Federal agency for bids or proposals for a proposed contract or to a proposed

award or the award of a contract or any alleged violation of statute or regulation
in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1) (2006).

As the United States Court of Appeals for the Federal Circuit held in *RAMCOR Services Group, Inc. v. United States*, 185 F.3d 1286 (Fed. Cir. 1999),

> [t]he language of § 1491(b) . . . does not require an objection to the actual contract
> procurement, but only to the "violation of a statute or regulation in connection
> with a procurement or a proposed procurement." The operative phrase "in
> connection with" is very sweeping in scope. As long as a statute has a connection
> to a procurement proposal, an alleged violation suffices to supply jurisdiction.

*RAMCOR Servs. Grp.*, 185 F.3d at 1289.

The December 7, 2012 Complaint in this bid protest case alleges that OHA's July 10,
2012 decision regarding the proper NAICS code designation for this procurement was arbitrary,
capricious, and otherwise contrary to law. Compl. ¶¶ 26, 28-29. Since the CO's initial code
designation and OHA's decision rejecting that designation—a decision that Arcata argues
violates the SBA's regulations governing OHA's standard of review for NAICS code appeals
and the selection of NAICS codes—are both "in connection with" a proposed ongoing
procurement, 28 U.S.C. § 1491(b)(1) authorizes the court to adjudicate the claims alleged in the
December 7, 2012 Complaint. *See RAMCOR Servs. Grp.*, 185 F.3d at 1289 ("As long as a
statute has a connection to a procurement proposal, an alleged violation suffices to supply
jurisdiction."); *see also InGenesis, Inc. v. United States*, 104 Fed. Cl. 43, 48 (2012) (determining
that the United States Court of Federal Claims had jurisdiction, because the contracting officer's
NAICS code designation and the OHA's decision reviewing that NAICS code designation were
"in connection with" a proposed procurement) (citing 28 U.S.C. § 1491(b)(1); *Ceres Envtl.
Servs., Inc. v. United States*, 52 Fed. Cl. 23, 33 (2002)).

## B.    Standing.

As a threshold matter, a plaintiff contesting a solicitation or award of a federal contract
must establish that it is an "interested party" to have standing under 28 U.S.C. § 1491(b)(1). *See
Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002)
("[S]tanding is a threshold jurisdictional issue."). The United States Court of Appeals for the
Federal Circuit has construed the term "interested party" as synonymous with the definition of
"interested party," as provided in 31 U.S.C. § 3551(2)(A). *See Rex Serv. Corp. v. United States*,
448 F.3d 1305, 1307 (Fed. Cir. 2006) (citing decisions adopting the Competition in Contracting
Act, 31 U.S.C. § 3551(2)(A), definition of "interested party" to convey standing under 28 U.S.C.
§ 1491(b)(1)). Our appellate court has provided a two-part test to determine whether a protester
is an "interested party"; a protestor must establish that: "(1) it was an actual or prospective bidder
or offeror, and (2) it had a direct economic interest in the procurement or proposed
procurement." *Distrib. Solutions, Inc. v. United States*, 539 F.3d 1340, 1344 (Fed. Cir. 2008). In
addition, a "bid protester must have a substantial chance of receiving an award in order to have

an economic interest in it and therefore standing to file a bid protest." *Labatt Food Serv., Inc. v. United States*, 577 F.3d 1375, 1379 (Fed. Cir. 2009).

In this case, Arcata is the incumbent contractor performing under a predecessor contract to the Solicitation, designated under NAICS Code 541712. AR Tab 38 at 1479-81; Compl. ¶¶ 6, 22, 31. Arcata intended to submit an offer under the May 15, 2012 Solicitation, but subsequently was rendered ineligible to compete under the proposed amended Solicitation, as it would be designated under NAICS Code 541513. Compl. ¶ 31. For these reasons, the court has determined that Arcata was an interested party, because it was a prospective offeror with a direct economic interest in the procurement, and had a "substantial chance" of receiving the award, but for OHA's decision to reclassify the NAICS Code from 541712 to 541513.

The second standing requirement is that the protestor must show that the alleged errors in the procurement were prejudicial. *See Labatt Food Serv., Inc.*, 577 F.3d at 1378 ("It is basic that because the question of prejudice goes directly to the question of standing, the prejudice issue must be reached before addressing the merits.") (internal quotation marks omitted); *see also Myers Investigative & Sec. Servs., Inc.*, 275 F.3d at 1370 ("[P]rejudice (or injury) is a necessary element of standing."). Prejudice is demonstrated where a protestor "can show that but for the error, it would have had a substantial chance of securing the contract." *Labatt Food Serv., Inc.*, 577 F.3d at 1378. Importantly, the standing inquiry must not conflate the requirements of "direct economic interest" with prejudicial error. *Id.* at 1380 (explaining that examining economic interest but excluding prejudicial error from the standing inquiry "would create a rule that, to an unsuccessful but economically interested offeror in a bid protest, any error is harmful").

In this case, Arcata was prejudiced when OHA reversed the CO's NAICS Code 541712 designation and determined that NAICS Code 541513 should be used in the revised Solicitation. Arcata asserts that this change rendered it ineligible to compete for a contract under the amended Solicitation. Compl. ¶¶ 6, 22; *see also* AR Tab 65 at 2384 (Arcata's Aug. 24, 2012 Capability Statement, acknowledging that "Arcata is not defined as a small business under NAICS code 541513").

For these reasons, the court has determined that Arcata has standing to protest OHA's NAICS Code designation decision.

## C.    Applicable Standard Of Review.

Pursuant to the Tucker Act, as amended by the Administrative Dispute Resolution Act, Pub. L. No. 104-320, § 12, 110 Stat. 3870, 3874 (Oct. 19, 1996), the United States Court of Federal Claims is authorized to review challenges to agency decisions, pursuant to the standards set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See* 28 U.S.C. § 1491(b)(4) ("In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5."); *see also* 5 U.S.C. § 706(2)(A) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"); *Banknote Corp. of Am. Inc. v. United States,* 365 F.3d 1345, 1350 (Fed. Cir. 2004) ("Among the various APA standards of review in section 706, the proper

standard to be applied in bid protest cases is provided by 5 U.S.C. § 706(2)(A): a reviewing court shall set aside the agency action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'") (citations omitted); *Weeks Marine*, *Inc. v. United States*, 575 F.3d 1352, 1358 (Fed. Cir. 2009) (same).  When a bid protest is based on a regulatory or procedural violation, *i.e.*, "not in accordance with law," the United States Court of Appeals for the Federal Circuit has imposed an additional requirement that "the disappointed bidder must show a clear and prejudicial violation of applicable statutes or regulations." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (internal quotation marks and citations omitted).

These standards, although derived from cases evaluating the actions of contracting officers, also apply "when evaluating the OHA's determination of whether a solicitation contains the proper NAICS code." *Ceres*, 52 Fed. Cl. at 33.  In addition, "[t]he arbitrary and capricious standard applicable [in bid protests] is highly deferential [and] requires a reviewing court to sustain an agency action evincing rational reasoning and consideration of relevant factors." *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1057-58 (Fed. Cir. 2000).  As such, "[i]n reviewing the OHA['s] . . . determination, special deference is shown[,] because of the SBA's 'quasi-technical administrative expertise and [its] familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme.'" *Eagle Design & Mgmt., Inc. v. United States*, 57 Fed. Cl. 271, 273 (2002) (quoting *Ceres*, 52 Fed. Cl. at 33).  The United States Court of Federal Claims has determined, however, that deference to the OHA's "decision is contingent upon an offering by the agency of a reasoned explanation for its decision which is in accord with material facts contained in the administrative record." *Ceres*, 52 Fed. Cl. at 33.  In effect, to reverse an OHA decision, "the protestor must establish that the [OHA]'s NAICS code determination had no rational basis or that in making the decision, the [OHA] violated an applicable procurement statute or regulation in a manner which was prejudicial to the potential offeror." *Id.*

**D.    Issues Raised In Plaintiff's Motion For Judgment On The Administrative Record.**

**1.    Whether The Office Of Hearings And Appeals' Decision To Set Aside The Contracting Officer's NAICS Code 541712 Designation Was Arbitrary And Capricious.**

**a.    The Plaintiff's Argument.**

Arcata argues that OHA's decision finding that the CO's designation of NAICS Code 541712 was clearly erroneous, was arbitrary, capricious, and contrary to law.  Pl. Mot. JAR at 15.  Arcata asserts that the PWS included numerous references to how the contractor would provide research and development support.  Pl. Mot. JAR at 15-16.  In addition, in response to the NAICS Code appeal, the CO cited his April 19, 2012 Memorandum, that identified multiple instances where Arcata, as the incumbent contractor, performed physical research and development, as well as other similar efforts to be performed by the successful offeror that were anticipated by the Solicitation.  Pl. Mot. JAR at 17-20 (citing AR Tab 48 at 1679-81; AR Tab 48 at 1681-82).   This documentation of research and development activities, Arcata asserts, demonstrates that OHA's decision was irrational.  Pl. Mot. JAR at 20.

Furthermore, OHA's reasoning that the "procurement . . . does not call for the contractor to create new processes or products, and thus cannot properly be characterized as research and development," was erroneous. Instead, Arcata asserts that the Solicitation's PWS pointed out that "[s]ervices required may involve the delivery of new systems capability" (AR Tab 69 at 2648) and provided that the contractor would "propose changes and additions" with respect to "Radar Systems Engineering," "Telemetry Tracking Systems Engineering," and "Communications Systems Engineering." Pl. Mot. JAR at 21 (citing AR Tab 69 at 2668-69); Pl. Resp. at 3-4. As such, the Government focuses on the fact that engineering, telecommunications, and systems are mentioned in the Solicitation, but the "tasks to be performed by the contractor are research and development that will lead to new products and processes," such as the "development of modifications to WATR [Western Aeronautical Test Range] Telemetry systems[, which] will support new telemetry frequency bands and new modulation techniques [(processes)] that will be used in research vehicles." Pl. Resp. at 4 (citing AR Tab 48 at 1681). Therefore, Arcata asserts that these provisions indicate that the "Solicitation [did] indeed envision the creating of new processes or products and [met] the criteria for classification under 541712." Pl. Mot. JAR at 21.

Likewise, OHA's determination that Arcata would not be directly nor independently performing research and development tasks was erroneous, because it was inaccurate and contrary to OHA precedent determining "research and development support" to be an acceptable justification for the NAICS Code 541712 designation. Pl. Mot. JAR at 22-23 (citing *NAICS Appeal of DCS Corp.*, SBA No. NAICS-4874 (2007); *see also NAICS Appeal of Davis-Paige Mgmt. Sys., LLC*, SBA No. NAICS-5055 (2009). Although some of the May 15, 2012 Solicitation's research and development activities "envision *direct* performance on the part of the contractor," the designation of NAICS Code 541712 also would be proper when "the work is an integral part of the research and development that will be conducted." Pl. Mot. JAR at 23 (citing *NAICS Appeal of Information Ventures, Inc.*, SBA No. NAICS-4945, at 6-7 (2008) (holding that work by the contractor that did not itself entail physical research nonetheless was an "integral part of" physical research to be performed by the agency and thus supported the designation of NAICS Code 541712)). In sum, OHA's decision was contrary to relevant OHA case precedent, that Arcata argues supports the proposition that activities that are an integral part of research and development, research and development support, or activities "laying the essential groundwork for . . . physical research" are sufficient justifications for a designation of NAICS Code 541712, particularly since these activities are evidenced in examples from the PWS. Pl. Resp. at 9-10.

In addition, OHA's statement that "the [Solicitation] does not clearly assign any research function for the contractor" was erroneous. Pl. Resp. at 7 (citing AR Tab 83 at 3251). The Solicitation anticipates several activities supporting research, including "operat[ing] and configur[ing] . . . systems that are part of the WATR set of resources to support a research flight," "acquir[ing] and process[ing] mission data in support of flight research," and "operat[ing] the radar data system in support of real-time and post mission radar data formatting." Pl. Mot. JAR at 24 (citing AR Tab 69 at 2656-58, 2660). Moreover, the Solicitation specified numerous research and development activities that the contractor would perform, either directly, in preparation for, or as an integral part of NASA's research and development. Pl. Mot. JAR at 25. For example, the CO's response listed those tasks that

comprised "significant physical research and development" that the contractor would perform under the Solicitation, which he substantiated with examples of research tasks being performed by Arcata under a predecessor contract. Pl. Resp. at 7 (citing AR Tab 48 at 1665, 1679-81). Thus, "the instant Solicitation calls for the contractor to either directly engage in research or development or to provide services that are an integral part of the research and development to be conducted[.]" Pl. Mot. JAR at 24. Therefore, OHA's error in not recognizing this fact was arbitrary and capricious. Pl. Mot. JAR at 24.

Contrary to OHA's reasoning that work on systems already in place should be characterized as engineering, rather than research and development, the CO's response to Delphi's NAICS Code appeal emphasized that research and development efforts need not be completely new, but can be efforts that "significantly improve processes and products" included in the definition in the NAICS Manual. Pl. Resp. at 5 (citing AR Tab 48 at 1667 (citing 2007 NAICS Manual definition 5417)). Arcata insists that, contrary to OHA's decision and the Government's position that the Solicitation principally anticipated engineering, operations, and computer services, the CO concluded that "the PWS and WBS included numerous functions that are characterized as physical research and development." Pl. Resp. at 5 (citing AR Tab 48 at 1679). As such, OHA's analysis totally ignored the fact that NASA had explained and demonstrated that "the research and development activities envisioned by the PWS and WBS were *in addition to*, *not a part of*, the IT, engineering, and telecommunications aspects of the contract." Pl. Resp. at 6.

In addition, the Government's description of the PWS is faulty, because it ignores the "principal purpose of the procurement," that Arcata argues is to "find new products and processes through research and development activities in all of the areas of the contract." Pl. Resp. at 7-8 (citing AR Tab 69 at 2655; AR Tab 48 at 1684 (stating that "[w]hile engineering, operations, IT, telecommunications and other industry characterizations are integral to the RF&ESS effort, they are nevertheless ancillary to the core research purposes and nature of this acquisition. The government's determination of NAICS Code 541712 . . . is therefore supported by evidence of physical research and development in the PWS/WBS, its predominant value in past and future effort and the critical nature of this procurement in [Dryden Flight Research Center]'s core research mission.")).

Arcata further asserts that OHA's position that labor categories in the Solicitation consisted primarily of engineers and technicians rather than scientists or research specialists, was erroneous and misguided. There is no regulation or provision in the NAICS Manual defining required labor categories for contracts under the 541712 NAICS code. Pl. Mot. JAR at 25. In addition, the PWS specifically allowed for the possibility that other labor categories might be needed. Pl. Mot. JAR at 25-26 (citing AR Tab 69 at 2648). Therefore, OHA did not give proper deference to the CO's finding that "while engineering, operations, IT, [and] telecommunications . . . are integral to the RF&ESS effort, they are nevertheless ancillary to the core research purposes and nature of this acquisition." Pl. Mot. JAR at 26 (citing AR Tab 48 at 1684). Since there is no support in the applicable regulations or OHA case law for OHA's ruling that the NAICS Code 541712 designation was erroneous, OHA's ruling should be treated as unlawful, arbitrary, and capricious. Pl. Mot. JAR at 26-27.

## b.      The Government's Response.

The Government responds that Arcata's Motion For Judgment On The Administrative Record asks the court to substitute its own judgment for that of the agency.  Gov't Mot. JAR at 21.  As recognized in other NAICS code decisions, the United States Court of Federal Claims cannot "invalidate an SBA decision even though the court may have reached a different conclusion."  *Eagle Design*, 57 Fed. Cl. at 273.  Instead, "deference is accorded to the Congressional policies underlying the Small Business Act, and [the OHA's] final determinations."  *Ceres*, 52 Fed. Cl. at 33.  Therefore, Arcata misperceives the role of the United States Court of Federal Claims in deciding a bid protest case and ignores the appropriate, deferential standard of review.  Gov't Reply at 2-3 (citing 5 U.S.C. § 706(2)(A); *Advanced Data Concepts*, 216 F.3d at 1057-58).

Deference is further warranted in this case, because of OHA's "quasi-technical administrative expertise and [its] familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme."  Gov't Mot. JAR at 21 (citing *Eagle Design*, 57 Fed. Cl. at 273 (quoting *Ceres*, 52 Fed. Cl. at 33)).  Therefore, to prevail, Arcata must "establish that [OHA's] decision lacked any rational basis or that [OHA] violated an applicable statute or regulation in making its determination."  Gov't Mot. JAR at 21-22 (citing *Ceres*, 52 Fed. Cl. at 33).  Arcata has not done so.  Instead, OHA met the standard of providing a rational basis for its decision, reviewing in detail the work described in the Solicitation and the PWS, characterizing the types of work included in these categories, discussing the parties' arguments, and analyzing them in light of the SBA's regulations and OHA precedent.  Gov't Mot. JAR at 22 (citing AR Tab 83 at 3243-51).

In addition, Arcata failed to account for the fact that OHA followed the SBA's regulations, which narrow and define NAICS Code 541712 further than the NAICS Manual on which Arcata relies.  Gov't Reply at 6 (citing *InGenesis*, 104 Fed. Cl. at 45).  Arcata also failed to address one of the key underpinnings of OHA's decision—that the SBA regulation that lays out the size standards for each NAICS code defines "Research and Development" as "laboratory or other physical research and development," emphasizing that the term "does not include economic, educational, engineering, operations, systems, or other nonphysical research; or computer programming, data processing, commercial and/or medical laboratory testing."  Gov't Mot. JAR at 23 (citing 13 C.F.R. § 121.201 n.11(a)).  Therefore, OHA found that the "principal services required by the [Solicitation] are engineering, operations, and computer support services," many of which are excluded by this regulation.  Gov't Mot. JAR at 23 (citing AR Tab 83 at 3250).

As such, many of Arcata's contentions are incorrect.  For example, Arcata notes that the "Scope" section of the PWS states that "'the contractor shall be responsible for development . . .' as well as other functions."  Gov't Mot. JAR at 23 (quoting Pl. Mot. JAR at 20-21).  But this "development" must be "experimental development," and these "other functions . . . which form the bulk of the solicitation, are 'engineering, operation, maintenance, documentation, training . . . and related functions,'" many of which are expressly excluded or not included within the definition of NAICS Code 541712 under SBA's regulations.  Gov't Mot. JAR at 23-24 (citing AR Tab 69 at 2646; 13 C.F.R. § 121.201 n.11(a)).  In addition, OHA

specifically addressed the activities that Arcata highlighted in its brief, explained why these activities did not "fall into the definition of 'research and development,'" and found that "'the predominant contract tasks are operating and maintain[ing] computer equipment, capturing data, and providing technical support for existing systems.'"  Gov't Mot. JAR at 24 (quoting AR Tab 83 at 3249-50).  Likewise, Arcata selectively picked clauses from the Solicitation "in an attempt to show that there are research and development tasks included, and that the [OHA]'s decision must therefore be irrational."  Gov't Reply at 9.  In citing to examples from the PWS regarding "Radar Systems Engineering," "Telemetry Tracking Systems Engineering," and "Communication Systems Engineering," however, Arcata omitted language in the PWS introducing each of these tasks as "system engineering functions," that are specifically excluded under 13 C.F.R. § 121.201 n.11(a) from being classified as research and development under NAICS Code 541712.  Gov't Reply at 9-11 (citing Pl. Resp. at 3-4; AR Tab 69 at 2668-69).

In addition to being well reasoned, OHA's determination also was correct.  All of the examples given by Arcata "fall into the realm of operations, systems, data processing, and computer programming, and as [OHA] correctly held in its decision, these types of activities are specifically excluded from 'research and development' under NAICS [C]ode 541712."  Gov't Mot. JAR at 25 (citing Pl. Mot. JAR at 15-16; AR Tab 83 at 3250).  Contrary to Arcata's assertions, OHA considered the examples given by the CO of activities Arcata has performed under the current contract, the examples pointed to by Arcata of activities under the Solicitation that the CO determined to be research and development, and the thirteen "other likely research and development activities" that Arcata listed in its motion as relevant.  Gov't Mot. JAR at 25-26 (citing Pl. Mot. JAR at 17-19; AR Tab 83 at 3245).  After considering these examples, OHA determined, based on the SBA's regulations, that the work described in the Solicitation did not primarily relate to NAICS Code 541712.  Gov't Mot. JAR at 26 (citing AR Tab 83 at 3250).

Moreover, contrary to Arcata's assertions, OHA followed case precedent and applied a number of its prior decisions.  Gov't Mot. JAR at 27 (citing AR Tab 83 at 3250-51).  These decisions supported the OHA judge's reasoning that NAICS Code 541712 is not properly used when a contractor is performing activities that "support" or "assist" the agency's research, as opposed to "performing independent research and development tasks[.]"  Gov't Mot. JAR at 27 (citing *NAICS Appeal of Bevilacqua Research Corp.*, SBA No. NAICS-5243, 2011 WL 2436620, at *4 (2011); *NAICS Appeal of Information Ventures, Inc.*, SBA. No. NAICS-4953, 2008 WL 2416153, at *6 (2008)).  Nor is it appropriate when the contractor "is providing scientific support, but is not engaging in 'research and development tasks designed to develop a new or significantly improved product.'"  Gov't Mot. JAR at 27-28 (citing *NAICS Appeal of Dynamac Corp.*, SBA-No. NAICS-5025, 2009 WL 1090337, at *5-6 (2009) ("While many of these tasks require scientific experience/expertise, they do not require the development of a new or improved product, which is the predicate of a research and development contract[.]"); AR Tab 83 at 3250-51).  In contrast, the decisions cited by Arcata are inapposite.  Arcata fails to acknowledge critical differences between the solicitations and the types of work performed by the contractor in those cases and the RF&ESS Solicitation, here.  In addition, *NAICS Appeal of DCS Corp.*, SBA No. NAICS-4874 (2007), cited by Arcata to support the proposition that research and development support is sufficient to justify NAICS Code 541712, did not involve a dispute over the applicability of NAICS Code 541712, but only involved a dispute over whether

the size standard in the aircraft exception to NAICS Code 541712 should apply.  Gov't Mot. JAR at 29-30.

### c.    The Court's Resolution.

The primary issue in this case is whether OHA's decision that the CO's designation of NAICS Code 541712 was improper and that NAICS Code 541513 was the appropriate designation, was arbitrary, capricious, or contrary to law.

Selection of the applicable NAICS code is governed by 13 C.F.R. § 121.402(b), which provides in pertinent part:

> The procuring agency contracting officer, or authorized representative, designates the proper NAICS code and size standard in a solicitation, selecting the NAICS code which best describes the principal purpose of the product or service being acquired.  Primary consideration is given to the industry descriptions in the NAICS United States Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased.  A procurement is usually classified according to the component which accounts for the greatest percentage of contract value.

13 C.F.R. § 121.402(b).

The NAICS Manual description of NAICS Code 541712 provides that this industry comprises "establishments primarily engaged in conducting research and experimental development (except biotechnology research and experimental development) in the physical, engineering, and life sciences, such as agriculture, electronics, environmental, biology, botany, computers, chemistry, food, fisheries, forests, geology, health, mathematics, medicine, oceanography, pharmacy, physics, veterinary and other allied subjects."  NAICS Manual; AR Tab 83 at 3249.  The reference in the SBA's regulations concerning NAICS Code 541712, however, provides that: "'Research and Development' means laboratory or other physical research and development.  It does not include economic, educational, engineering, operations, systems, or other nonphysical research; or computer programming, data processing, commercial and/or medical laboratory testing."  13 C.F.R. § 121.201 n.11(a).

The standard of review the OHA must apply in an NAICS code appeal is whether the CO's NAICS code designation was based on "clear error of fact or law," a showing for which the "appellant has the burden of proof, by a preponderance of the evidence."  13 C.F.R. § 134.314.  The OHA judge applied this standard, and came to the conclusion that the CO erred in assigning NAICS Code 541712 to the Solicitation.  AR Tab 83 at 3249-3251.  In Arcata's January 4, 2013 Motion For Judgment On The Administrative Record and January 25, 2013 Response, however, it offered several arguments that OHA's finding was arbitrary and capricious.

In reviewing whether the  OHA's decision was arbitrary and capricious, the court must determine whether OHA's decision "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice

made.'"  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

In this case, OHA reviewed the Solicitation and the PWS, the CO's April 19, 2012 Memorandum defending his choice of NAICS Code 541712, the arguments of Delphi, the CO, and another prospective offeror, applicable OHA case law, and SBA regulations, in arriving at a reasoned explanation for his decision that the CO's designation of NAICS Code 541712 was a "clear error of fact or law." AR Tab 83 at 3251. OHA determined that the Solicitation did not anticipate the creation of new processes or products, which OHA precedent has considered an essential element of research and development. AR Tab 83 at 3250 (citing *NAICS Appeal of Dayton T. Brown, Inc.*, SBA No. NAICS-5164, at 5-6 ("[P]rocurements classified under NAICS code 541712 must be for research <u>and</u> development, and thus must look to creating new processes or products."); *NAICS Appeal of Dynamac Corp.*, SBA No. NAICS-5025, at 8 ("While many of [the] tasks [identified in the solicitation] require scientific experience/expertise, they do not require the development of a new or improved product, which is the predicate of a research and development contract.")). Nor did it anticipate that the contractor would perform "work that is an integral part of [NASA's] research and development," or "directly or independently perform research and development tasks." AR Tab 83 at 3250-51. In addition, OHA found that the principal services required by the Solicitation were "engineering, operations, and computer support services," activities that largely are excluded from the definition of "research and development" set forth in 13 C.F.R. § 121.201 n.11(a). AR Tab 83 at 3250 (citing *NAICS Appeal of Advanced Sys. Tech., Inc.*, SBA No. NAICS-4774, at 20 (2006) ("[The] exclusion of operations research, systems research, and other nonphysical research, as well as computer programming and data processing, excludes the work required under this solicitation from being classified as research and development.")).

For these reasons, the court has determined that OHA's decision, concluding that the CO "clearly erred in classifying the acquisition under NAICS code 541712" (AR Tab 83 at 3249), was rational and not arbitrary and capricious. Moreover, "[e]ven if the court would have reached a different conclusion, the court may not reverse. The court may not substitute its judgment for that of the OHA judge." *Eagle Design*, 57 Fed. Cl. at 274 (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)).

### 2. Whether The Office Of Hearing Appeals' Decision To Substitute NAICS Code 541513 Lacked A Rational Basis.

#### a. The Plaintiff's Argument.

Next, Arcata asserts that OHA's decision that NAICS Code 541513 was the proper designation and "[b]est captures the principal nature of the procurement," has no rational basis. Pl. Mot. JAR at 27 (citing AR Tab 53 at 1746). In addition, OHA's designation of NAICS Code 541513 is arbitrary and capricious, because OHA's findings are contrary to the undisputed evidence. Pl. Resp. at 13. Although OHA indicated that NAICS Code 541513 "applies to the on-site management and operation of computer systems and/or data processing facilities," the PWS provided that the work performed would include both on- and off-site locations. Pl. Mot. JAR at 28 (citing AR Tab 69 at 2648-49, 2664). The fact that the PWS envisioned more than just a "possibility" of off-site work by the contractor demonstrates that "one of the OHA's major

reasons for selecting NAICS Code 541513 is simply not supported by the facts in the record," and thus, its decision should be ruled arbitrary, capricious, and contrary to law.  Pl. Resp. at 13-14 (citing AR Tab 69 at 2648-49, 2664); Pl. Mot. JAR at 28.

Arcata also asserts that the Government's argument and OHA's rationale that NAICS Code 541513 accounted for the "[g]reatest percentage of contract value" is unsupported by the record.  Pl. Mot. JAR at 28 (citing AR Tab 53 at 1746).  In fact, OHA summarily rejected the CO's decision that NAICS Code 541712 constituted the single largest portion of work and further discounted the CO's definition and examples of "research and development activities" supporting the conclusion in his Memorandum.  Pl. Mot. JAR at 28 (citing AR Tab 53 at 1746; AR Tab 38); Pl. Resp. at 10-11 (citing AR Tab 83 at 3251).  The CO's Memorandum fully articulated NASA's justification for applying NAICS Code 541712, pointing to specific examples of research and development activities that would be performed under the Solicitation or that were being performed under the current contract.  AR Tab 38.  By erroneously interpreting "research and development activities," OHA improperly disregarded the CO's analysis.  Pl. Resp. at 11.

In addition, OHA did not afford the CO's analysis the deference to which it was entitled and vacated the NAICS code designation based on a "difference of opinion," failing to follow the proper standard of review set out by 13 C.F.R. § 134.314, *i.e.* "whether the . . . NAICS code designation was based on clear error of fact or law."  Pl. Resp. at 11-12.  Because OHA violated the federal regulation establishing the standard of review in making its prejudicial determination, OHA's decision was "irrational" and should be reversed.  Pl. Resp. at 12 (citing *Ceres*, 52 Fed. Cl. 23).

Moreover, OHA cites no precedent, nor does any exist, for "[OHA] combining a group of independent NAICS codes under one other independent NAICS code in order to justify its decision to replace the CO's designation of a[n] NAICS code for a particular procurement with a[n] NAICS code of its own under the rationale of selecting the NAICS code 'which accounts for the greatest percentage of contract value.'"  Pl. Resp. at 14-15 (citing Gov't Mot. JAR at 33; AR Tab 83 at 3251).  Instead, OHA's decision violated case law establishing that "it is the NAICS code that has the greatest percentage of contact value that can justify the selection of that code which describes the principal nature of the product or service being acquired—*not* a combination of related codes merged together as one."  Pl. Mot. JAR at 29 (citing 13 C.F.R. § 121-402(b); FAR 19.102(d); *NAICS Appeal of Nelson Eng'g Co.*, SBA No. NAICS-5166 (2010)).  NAICS Code 541712 was the individual NAICS code having the greatest percentage value of the contract.  Pl. Mot. JAR at 30 (citing AR Tab 48 at 1683).  Therefore, OHA's selection of NAICS Code 541513 as a more appropriate designation than NAICS Code 541712 is unsupported by the evidence.  Pl. Mot. JAR at 30.

**b.    The Government's Response.**

The Government responds that, because OHA determined that the designation of NAICS Code 541712 for the Solicitation was clear error, OHA was obligated to consider "whether the code suggested by Delphi, the appellant, was appropriate."  Gov't Mot. JAR at 31 (citing 13 C.F.R. § 134.318 (defining NAICS appeal procedure)).  In making its determination, OHA

14

examined the types of work covered by the Solicitation, falling into three major categories identified in the PWS: "mission support services, operations and maintenance, and systems engineering."  Gov't Mot. JAR (citing AR Tab 83 at 3243).  OHA found that the services covered by NAICS Code 541513, namely "on-site management and operation of computer systems and/or data processing facilities, . . . plainly represent a large portion of . . . procurement[.]"  AR Tab 83 at 3251.  Therefore, OHA properly concluded, "while there is no single NAICS code that applies to the full range of services being acquired under this contract, applicable regulations instruct that the CO should select the code 'which accounts for the greatest percentage of contract value.'"  Gov't Mot. JAR at 33 (citing Tab 83, AR3251 (quoting 13 C.F.R. § 121.402(b)).

In addition, the CO's Memorandum refutes Arcata's argument that OHA's designation of NAICS Code 541513 was irrational.  Gov't Mot. JAR at 32.  Therein, the CO determined that NAICS Code 541513 comprised 15% of the work performed under the current contract with Arcata, second only to the percentage of work that the CO attributed to NAICS Code 541712.  Gov't Mot. JAR at 32 (citing AR Tab 38 at 1483).  Having determined that NAICS Code 541712 was inappropriate for the Solicitation, OHA rationally turned its attention to NAICS Code 541513, and upon review of the work to be performed, concluded that "the multiple information technology efforts can reasonably be grouped under NAICS Code 541513, and thus constitute the bulk of the anticipated work."  Gov't Mot. JAR at 32 (quoting AR Tab 83 at 3251).  With respect to Arcata's argument that OHA acted irrationally in finding that the various information technology services could be grouped together under NAICS Code 541513, OHA "did not even review whether NAICS Code 541513 was the proper code, until after it had determined that the original NAICS code chosen by the [CO] . . . was clearly erroneous[.]"  Gov't Reply at 15.  Accordingly, Arcata's argument that OHA combined the IT efforts to "justify its decision to replace the CO's designation of a NAICS code for a particular procurement with a NAICS code of its own," is unfounded.  Gov't Reply at 15 (quoting Pl. Resp. at 14-15).

With respect to Arcata's argument that NAICS Code 541513 is not appropriate because the Solicitation references the possibility of "off-site work" (Pl. Mot. JAR at 27-28), the Government argues that this point was not raised before OHA.  In any event, it does not recognize the fact that the "overwhelming majority of the work envisioned by the [S]olicitation [and the PWS] is to be performed at NASA Dryden [Flight Research Center.]"  Gov't Mot. JAR at 32-33.  In fact, the "only work that [Arcata] describes as definitely being performed off-site is video coverage to be released to the media, which the [S]olicitation states 'shall include [on-] and off-site [locations.]'"  Gov't Reply at 13 (citing Pl. Resp. at 13; AR Tab 69 at 2664).  Instead, "the overwhelming majority of the work in the [S]olicitation is to be performed on-site at NASA's facilities."  Gov't Reply at 13.  That some "very small portion of the work will be off-site is unavailing," because the NAICS code elected by OHA was one that "best describes the principal purpose of the product or service being acquired," which here consists of "on-site engineering, operations, and data support at NASA's facilities."  Gov't Reply at 13-14 (quoting 13 C.F.R. § 121.402(b)).

Moreover, the United States Court of Federal Claims has rejected a similar argument.  In *InGenesis*, the plaintiff argued that an NAICS code falling in an NAICS category stating that providers "usually do not provide inpatient services" did not apply to the subject solicitation,

because virtually all the work to be performed was inpatient.  Gov't Reply at 14 (citing *InGenesis*, 104 Fed. Cl. at 51).  The court rejected that argument, in part because it found that, although the category stated that providers "do not *usually* provide inpatient services, this does not mean that such providers are precluded from providing inpatient services."  Gov't Reply at 14 (quoting *InGenesis*, 104 Fed. Cl. at 51).  In this case, Arcata's argument is even weaker, since NAICS Code 541513 is actually consistent with the majority of the work to be performed under the Solicitation.  Gov't Reply at 14.

In closing, the Government points out that NASA's request for capability statements under NAICS Code 541513, statements regarding the prospective contractor's ability to provide "engineering support for complex systems" and "comprehensive IT operations support" (AR Tab 56 at 1805-07), yielded "two or more businesses that would constitute small businesses under NAICS [C]ode 541513, that were capable, such that the [Solicitation] could remain as a small business set-aside."  Gov't Mot. JAR at 33-34 (citing AR Tab 56 at 1803; AR Tab 7 at 248).  Therefore, the Government asserts that the fact that such businesses, meeting the size standard in NAICS Code 541513 and also capable of performing the work described in the Solicitation, exist is "further proof that [OHA]'s determination was reasonable."  Gov't Mot. JAR at 34.

#### c.    The Court's Resolution.

Arcata's primary argument is that OHA's decision to substitute NAICS Code 541513 as the NAICS designation for the Solicitation lacked a rational basis.  First, Arcata asserts that OHA's decision was unsupported by the record, as it summarily discounted the CO's conclusion that research and development was the primary work contemplated by the Solicitation.  In doing so, Arcata asserts, OHA failed to give deference to the CO's justifications for selecting NAICS Code 541712.  As discussed above, the court has determined that OHA's decision that NAICS Code 541712 was improper was not arbitrary and capricious.  Moreover, OHA, having rationally determined that the CO "erred in assigning NAICS code 541712," then properly considered the appropriateness of the NAICS code advanced by Delphi's appeal.  AR Tab 83 at 3251; *see also Ceres*, 52 Fed. Cl. at 35 ("The [OHA], in deciding an NAICS appeal, considers not only those NAICS codes advocated by the CO and the protestor, but also considers 'any other . . . [NAICS] code it deems, *sua sponte*, arguably is appropriate for the solicitation.'" (quoting *Information Ventures, Inc.*, SBA No. 4294, 1998 WL 128528 (1998)).

As previously discussed, selection of NAICS codes is governed by 13 C.F.R. § 121.402(b).  This regulation provides that, in selecting a code, primary consideration is given to

the industry descriptions in the NAICS United States Manual, the product or service description in the solicitation and any attachments to it, the relative value

and importance of the components of the procurement making up the end item being procured and the function of the goods or services being purchased.

13 C.F.R. § 121.402(b).   NAICS Code 541513, titled "Computer Facilities Management Services," provides:

> This U.S. industry comprises establishments primarily engaged in providing on-site management and operation of clients' computer systems and/or data processing facilities. Establishments providing computer systems or data processing facilities support services are included in this industry.

NAICS Manual.

Having found that the PWS divided the tasks required by the Solicitation into "three major categories: mission support services, operations and maintenance, and systems engineering" and reviewed the tasks falling into these categories, OHA then concluded that the services described by NAICS Code 541513 fit "a large portion" of the services required by the Solicitation, "particularly the 'mission support services' and 'operations and maintenance' portions of the PWS." AR Tab 83 at 3243, 3251. OHA clearly recognized that, "[w]hile there is no single NAICS code that applies to the full range of services being acquired under this contract, applicable regulations instruct that the CO should select the code 'which accounts for the greatest percentage of contract value.'" AR Tab 83 at 3251. The CO, in his response to Delphi's NAICS code appeal, had determined that NAICS Code 541712 comprised the single largest percentage of contract value for the predecessor contract, but his analysis also determined that NAICS Code 541513 "is attributed to approximately 15% of the overall proposed effort." AR Tab 48 at 1667; *see also* AR Tab 83 at 3245. Having determined that NAICS Code 541712 was not an appropriate designation for the Solicitation, OHA then determined that NAICS Code 541513 and other related information technology work, could reasonably be grouped together, to "constitute[] the bulk of the anticipated work." AR Tab 83 at 3251.

The court has reviewed the Solicitation, the PWS, and OHA's decision rejecting the designation of NAICS Code 541712, and has determined that OHA's decision regarding NAICS Code 541513 was well reasoned and rational. The court also has determined that OHA's decision was not arbitrary and capricious. Several major portions of the PWS, as OHA noted, anticipate tasks involving operating, implementing, and maintaining various systems at NASA that reasonably can be described as "management and operation of . . . computer systems and/or data processing facilities" under NAICS Code 541513. *See, e.g.*, AR Tab 69 at 2652-66 (including, *inter alia*, PWS § 3.2 "Operations, Maintenance, and Repair Requirements," § 3.2.4 "Systems Operations and Maintenance Plan," § 3.2.5 "Facility Management," § 4.1 "Mission Support Services" (including tasks described as operations and "system maintenance" for various NASA Dryden systems, as well as "computer systems operations"), and § 4.2 "Operations and Maintenance" (including tasks described as IT support services, "system administration and related system management services" for NASA Dryden's data center, security control centers, and various other labs, centers and systems at NASA)). Although it is true that NAICS Code 541513 does not cover every aspect of the Solicitation, such as the design and training requirements of the PWS, the selected NAICS code "need not be a perfect fit to every facet of

17

the performance work statement." *InGenesis*, 104 Fed. Cl. at 52. Moreover, the fact that NAICS Code 541513 constituted the second highest percentage of contract value under the CO's analysis (AR Tab 48 at 1667), supports the conclusion that OHA's decision in rejecting the applicability of NAICS Code 541712, was not contrary to law, arbitrary, nor capricious.

Arcata also argues that NAICS Code 541513 is not appropriate because the Solicitation envisions off-site work. Arcata's examples of off-site work, however, with one exception,[2] show only a possibility of such work with respect to limited tasks defined in the Solicitation. AR Tab 69 at 2648 ("[S]ome WBS elements *may* require work at other sites. In such cases, the contractor shall arrange and coordinate all travel required to accomplish the requirements.") (emphasis added); AR Tab 69 at 2649 (section 2.6 of the PWS, entitled "ON-SITE/OFF SITE CONTRACTOR EFFORT," providing that "travel may be required to support off-site operations," and that "the contractor shall also perform one-time-only requirements, such as a study or system development, where it may be appropriate to use off-site resources and other than Government-furnished equipment."). Otherwise, the Solicitation contemplated a broad range of operations, engineering, systems, and computer support services to be performed on-site, as discussed above.

For these reasons, the court has determined that Arcata failed to establish that OHA's decision that the applicable NAICS Code was 541513 was unlawful, irrational, or arbitrary and capricious.

## IV.   CONCLUSION.

As Arcata has failed to establish that it has succeeded on the merits of its Complaint, the court has determined that Arcata is not entitled to a permanent injunction. Therefore, Arcata's January 4, 2013 Motion For Judgment On The Administrative Record is denied, and the Government's January 18, 2013 Cross-Motion For Judgment Upon The Administrative Record is granted. The Clerk of the Court is directed to enter judgment for the Government.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

[2] Section 4.2.6.1 of the PWS provides: "The contractor shall provide quality video coverage in support of research, test and other aircraft, including air-to-air video and production of live television coverage of special events, suitable for release to national news media and NASA TV; the work performed shall include *on and off-site* locations." AR Tab 69 at 2664 (emphasis added).